## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

TITORIAN MOORE, SR,                    :
                                        :
      **Plaintiff,**              :
                                        :
v.                                      :    **Case No. 5:26-cv-93-MTT-CHW**
                                        :
SHERIFF DAVID DAVIS, *et al.*,          :
                                        :
      **Defendants.**             :
                                        :

## ORDER

Pending before the Court is a pleading filed by *pro se* Plaintiff Titorian Moore, a prisoner currently confined in the Bibb County LEC in Macon, Georgia, that has been docketed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also filed a motion for appointed counsel (ECF No. 2) and a motion requesting that the Court direct the jail to produce his inmate account records (ECF No. 3). For the following reasons, Plaintiff must (1) either pay the Court's filing fee in full or submit a proper and complete motion for leave to proceed *in forma pauperis* ("IFP") and (2) recast his Complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims. Plaintiff's motion for an order to produce his inmate account records is **DENIED as moot**, and his motion for appointed counsel is **DENIED.**

### MOTION FOR APPOINTED COUNSEL

First, Plaintiff moves for appointment of counsel. "Appointment of counsel in a

civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that the appointment of counsel is not justified. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses. Plaintiff, "like any other litigant[], undoubtedly would [be]

helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). As such, Plaintiff's motion for appointment of counsel (ECF No. 4) is **DENIED**.[1] Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## LEAVE TO PROCEED IFP

Next, while Plaintiff has not paid the Court's $405.00 filing fee or submitted a motion to proceed IFP, he has submitted a motion requesting that this Court order the Bibb County Correctional Facility to produce a certified copy of his prison trust fund account information for the previous six months. ECF No. 3 at 1. Plaintiff contends he has "requested documentation verbally . . . as well as by grievance to no avail," and he is thus "unable to acquire these documents of [his] own accord." *Id.*

As Plaintiff is aware, federal law requires a prisoner proceeding IFP to submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Without a motion

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay counsel for their representation or authorize courts to compel counsel to represent an indigent party in a civil action. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

containing this information, the Court cannot determine whether Plaintiff is entitled to proceed IFP or calculate the average monthly deposits or the average monthly balance in Plaintiff's prison trust account as required by 28 U.S.C. § 1915. *See id.* (requiring the district court to assess an initial partial filing fee when funds are available). Plaintiff is thus **ORDERED** to either pay the Court's $405.00 filing fee in full or submit a proper and complete motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement. The Clerk is **DIRECTED** to provide Plaintiff with the appropriate forms for this purpose, marked with the case number of this case.

Because Plaintiff alleges he has had difficulty obtaining this information from prison officials, he is instructed to show the appropriate prison official this Order when he requests his prison trust fund account information. If the prison official still refuses to provide the requested information, Plaintiff should notify the Court of: (1) the name of the prison official from whom he requested the certified copy of his trust fund account statement; (2) the date he made such request; and (3) the date that he was notified that the prison official would not provide the requested documentation. If Plaintiff receives notification in writing from the prison official regarding an inability to provide a certified copy of his prison trust fund account statement, Plaintiff should provide the Court with a copy of this notification. Plaintiff's motion that the Court order jail officials to provide him a copy of his prison trust fund account information is therefore **DENIED as moot.** Plaintiff should either (1) submit his complete and proper motion to proceed IFP, to include

4

a certified copy of his trust fund account information or (2) provide the Court with the information regarding his efforts to obtain his trust fund account information within **FOURTEEN (14) DAYS** of the date of this Order.

### ORDER TO RECAST COMPLAINT

If Plaintiff wishes to continue with this action, he is also **ORDERED** to recast his Complaint on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order.   The recast complaint must contain a caption that clearly identifies, by name, each individual or entity that Plaintiff has a claim against and wishes to include as a defendant in this action.   Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.   Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form.

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1).   Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.**   This ten-page limit includes (and is not in addition to) the pages making up the Court's standard form.   **The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.**   Accordingly, any fact Plaintiff deems necessary to his

5

lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.   As stated above, Plaintiff must name each defendant he wishes to sue, and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.   The Clerk is **DIRECTED** to send Plaintiff a copy of the Court's standard § 1983 form, marked with the case number for this case.   Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint on this form.

## CONCLUSION

Based on the foregoing, Plaintiff is **ORDERED** to (1) pay the $405.00 filing fee in full or submit a complete and proper motion for leave to proceed IFP, which must include either a certified copy of his prison trust fund account information or an explanation of his efforts to acquire this information, and (2) recast his Complaint as explained above within **FOURTEEN (14) DAYS** of the date of this Order.   **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.**   Plaintiff's motion for appointed counsel (ECF No. 2) is **DENIED,** and his motion for an order directing jail officials to provide Plaintiff with a copy of his prison trust fund account information (ECF No. 3) is **DENIED as moot.**   Plaintiff is further **DIRECTED** to notify the Court immediately in writing of any change in his mailing address.   There shall be no service of process in this case until further order of the Court.

SO **ORDERED**, this 27th day of April, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

6