**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **TITORIAN MOORE, SR,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 5:26-cv-93-MTT-CHW** |
| | **:** | |
| **Sheriff DAVID DAVIS, *et al.*,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| | **:** | |

## ORDER

Pending before the Court is a Complaint filed by *pro se* Plaintiff Titorian Moore, Sr., an inmate most recently incarcerated in the Bibb County Law Enforcement Center in Macon, Georgia (ECF No. 1).  On April 27, 2026, the Court ordered Plaintiff to either pay the $405.00 filing fee in full; submit a complete and proper motion to proceed *in forma pauperis*, to include a certified copy of his prison trust fund account information; or provide an explanation of his efforts to obtain his prison trust fund account information.  Plaintiff was also ordered to recast his Complaint on one of the Court's standard forms.  Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Complaint.  *See generally* ECF No. 5.

The time for compliance has now expired without a response from Plaintiff, and previous correspondence from the Court was returned as undeliverable and marked "Return to Sender" and "Not in Jail."  ECF No. 6 at 1.  Plaintiff, however, filed another case with

this Court after he was released from jail, *Moore v. Davis*, Case No. 5:26-cv-113-TES (M.D. Ga. Mar. 26, 2026) ("*Moore II*").  Documents filed in *Moore II* show that Plaintiff now resides at 4132 Coursey Lake Road, Douglasville, Georgia, 30135.  ECF No. 1 at 4 in *Moore II*.  Both of Plaintiff's pending cases challenge the mail policies at the Bibb County LEC, both of the Defendants in the above-captioned action are also named as Defendants in *Moore II*, and the allegations in this case are very similar to those in *Moore II*.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative" of one already pending in federal court.  *Curtis v. Citibank*, 226 F.3d 133, 138 (2d Cir. 2000).  "[A] suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986).  "Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court."  *Id.* at 1551-52.  Plaintiff's Complaint in this case is subject to dismissal as duplicative of Plaintiff's pleading in *Moore II*.

In addition, Plaintiff's failure to comply with the Court's orders and instructions is grounds for dismissal of this case, and his failure to keep the Court informed of his current mailing address is a failure to prosecute that also warrants dismissal of this action.  *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to

2

prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

For all these reasons, Plaintiff's Complaint is **DISMISSED without prejudice.** The Clerk is **DIRECTED** to mail Plaintiff a copy of this Order to his last known address at the Bibb County LEC and to the new address provided by Plaintiff in *Moore II.*

**SO ORDERED**, this 22nd day of May, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.